## In the Matter of the Petition of John Jacob Meyer.
## On Appeal of John Jacob Meyer, Appellant, v. Bertha Kurz, Appellee.

### Gen. No. 18,813.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 22, 1914.

### Statement of the Case.

Petition by John Jacob Meyer to the County Court under the Insolvent Debtors' Act, for a discharge from custody under a *capias ad satisfaciendum* issued upon a judgment recovered against him by Bertha Kurz in an action for slander. From a judgment denying the petition, the petitioner, John Jacob Meyer, appeals.

GEORGE REMUS, for appellant.

SALTIEL & ROSSEN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTION, § 302*—*admissibility of evidence on petition under Insolvent Debtors' Act for discharge from custody under a capias ad satisfaciendum.* On petition to the County Court for a discharge under the Insolvent Debtors' Act, J. & A. ¶ 6199, where petitioner had been arrested upon a *capias ad satisfaciendum* issued upon a judgment entered by default against him in an action for slander in which the words alleged to have been uttered were actionable *per se*, refusal of court to hear evidence *dehors* the records to prove that the words were not uttered maliciously, *held* proper for the reason that the question whether malice was the gist of the action must be determined solely from the record of the slander suit.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. EXECUTION, § 295*—*when record of action for slander conclusive on petition for discharge under Insolvent Debtors' Act.* Where a default judgment is entered against the defendant in an action for slander for words spoken which are actionable *per se*, the words spoken are admitted to be false by the default, and that they were maliciously uttered is conclusively presumed from the facts thus admitted and from the absence of any plea of justification or excuse.

3. LIBEL AND SLANDER, § 21*—*when malice presumed.* In an action for slander if the words charged to have been falsely uttered are not actionable *per se*, it is necessary to prove malice in fact; but if the words spoken are actionable *per se* then the law conclusively implies malice from the use of such words if false and uttered without legal justification or excuse.

4. LIBEL AND SLANDER, § 31*—*when imputation of theft actionable per se.* The words, "this woman has stolen the watch and chain belonging to my son," are actionable *per se*.